

**Melvin F. O'Brien**
Attorney at Law
Admitted in OH, WV

304-233-1022
Fax: 888-811-7144
mobrien@dmclaw.com

November 27, 2019

FILED

DEC 5 2019

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

VIA FACSIMILE (304) 845-3948
Joe Rucki
Marshall County Courthouse
600 Seventh Street
Moundsville, WV 26041

*5:19-cv-318*

RE:  *Erin L. Fraunfelter as Administratrix of the Estate of Sheila Lynn Morgan v.*
     *Lumber Liquidators, Inc.*
     Marshall County Civil Action No. 19-C-160
     Our File No.: *pending*

Dear Clerk Rucki:

        Enclosed for filing please find the *Notice of Removal,* relative to the above-referenced
matter.  A copy of the same has been provided to counsel of record.

        Please forward a complete copy of your file for this matter to the Clerk of the United
States District Court for the Northern District of West Virginia, Wheeling Division.

        Thank you for your assistance in this matter.  If you should have any questions relative to
the enclosed, please do not hesitate to contact me at your convenience.

                                                Very truly yours,

                                                Melvin F. O'Brien

MFO/jat
Enclosures

cc w/enc:     Jacob Robinson, Esq.

DICKIE, McCAMEY & CHILCOTE, L.C. | ATTORNEYS AT LAW
MAIN: 304-233-1022 FAX: 888-811-7144
2001 MAIN STREET, SUITE 501 | WHEELING, WV 26003-2854 | WWW.DMCLAW.COM

CALIFORNIA | COLORADO | DELAWARE | MICHIGAN
NEW JERSEY | NEW YORK | NORTH CAROLINA | OHIO
PENNSYLVANIA | SOUTH CAROLINA | WEST VIRGINIA

# IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

FRAUNFELTER, ERIN,

      Plaintiff,

vs.                  /////        CIVIL ACTION NO. 19-C-160

LUMBER LIQUIDATORS, INC.,      JUDGE: JEFFREY D. CRAMER

      Defendant.

## NOTICE OF FILING OF REMOVAL OF ACTION

In compliance with 28 U.S.C. § 1446(d), you are hereby notified that Defendant, Lumber Liquidators, Inc., by and through the undersigned counsel, Melvin F. O'Brien, Esquire, BreiAnne Varner Redd, Esquire, and the law firm of Dickie McCamey & Chilcote, L.C., and pursuant to 28 U.S.C. § 1332, filed a Notice of Removal of the above-captioned case to the United States District Court for the Northern District of West Virginia. A true and correct copy of the Notice of Removal is attached as Exhibit A.

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

ERIN LYNN FRAUNFELTER )
as Administratrix of the )
Estate of Sheila Lynn Morgan, )
deceased, )
)
     Plaintiff, )
)
v. ) CIVIL ACTION NO. _____5:19-CV-318 (Bailey)____
)
LUMBER LIQUIDATORS, INC., )
)
     Defendant. )

> ELECTRONICALLY
> FILED
> Nov 27 2019
> U.S. DISTRICT COURT
> Northern District of WV

## DEFENDANT LUMBER LIQUIDATORS, INC.'S
## NOTICE OF REMOVAL

     Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant

Lumber Liquidators, Inc. ("Lumber Liquidators"), by and through its undersigned counsel,

hereby removes this civil action from the Circuit Court of Marshall County, State of West

Virginia, to this honorable Court, and in support thereof states as follows:

### BACKGROUND AND TIMELINESS OF REMOVAL

     1.     On or about July 12, 2019, Plaintiff Erin Lynn Fraunfelter ("Plaintiff") filed her

Complaint for Money Damages ("Complaint") in the Circuit Court of Marshall County, State of

West Virginia. Lumber Liquidators was served with a copy of the Complaint on October 31,

2019. This Notice of Removal is filed within thirty (30) days of the date on which the

Complaint was served. Accordingly, this Notice of Removal is timely under 28 U.S.C. §

1446(b)(3).

Case 5:19-cv-00318-JPB    Document 5    Filed 12/05/19    Page 5 of 34  PageID #: 64
11/27/2019 2:23:13 PM          Taylor, Jaclyn          Channel-2          Page 6

Case 5:19-cv-00318-JPB    Document 1    Filed 11/27/19    Page 2 of 9    PageID #: 2

### VENUE

2.      Venue properly lies in the Northern District of West Virginia, Wheeling

Division, because Plaintiff filed the state court action in this judicial district and division. *See* 28

U.S.C. § 1441(a) (state court civil actions may be removed "to the district court of the United

States for the district and division embracing the place where such action is pending"). Venue

also is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1446(a).

### GROUNDS FOR REMOVAL

3.      Removal of this case is proper under 28 U.S.C. §1441(a), which provides that

"any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of

the United States for the district and division embracing the place where such action is pending."

4.      Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction in civil

actions where the amount of controversy exceeds $75,000, and diversity of citizenship exists

between the parties.

5.      Original or subject matter jurisdiction exists in this action, as complete diversity

of citizenship exists between the parties, and the allegations in Plaintiff's Complaint demonstrate

an amount in controversy that exceeds $75,000.

#### A.      Complete Diversity Exists Between Plaintiff and Defendant.

6.      Upon information and belief, Plaintiff's decedent, Sheila Lynn Morgan, was a

resident and citizen of the State of West Virginia at all relevant times. (*See* Exhibit A, Pl.'s

Compl. ¶ 2.) Therefore, for purposes of this litigation, Plaintiff is a citizen of the State of West

Virginia. (*See* 28 U.S.C. § 1332(c)(2)) ("[T]he legal representative of the estate of a decedent

shall be deemed to be a citizen only of the same State as the decedent.").

Case 5:19-cv-00318-JPB    Document 5    Filed 12/05/19    Page 6 of 34  PageID #: 65
11/27/2019 2:23:15 PM           Taylor, Jaclyn        Channel-2           Page 7

Case 5:19-cv-00318-JPB   Document 1   Filed 11/27/19   Page 3 of 9 PageID #: 3

7.    Defendant Lumber Liquidators, Inc. is a Delaware corporation with its principal place of business in Virginia. (*See* Exhibit A, Pl.'s Compl. ¶ 4.) Therefore, under 28 U.S.C. § 1332(c)(1), Lumber Liquidators is a citizen of both the State of Delaware and the Commonwealth of Virginia.

8.    Because Plaintiff is a citizen of the State of West Virginia and Defendant Lumber Liquidators, Inc. is a citizen of the State of Delaware and the Commonwealth of Virginia, complete diversity of citizenship exists among them.

**B.    The Amount in Controversy Exceeds $75,000.**

9.    Plaintiff's Complaint fails to specify the precise amount of damages sought. Plaintiff, however, alleges exposure to "excessive amounts" of formaldehyde, which she describes as "a substance known to cause cancer" that she alleges emitted from the laminate flooring she purchased from Lumber Liquidators. (Exhibit A, Pl.'s Compl. ¶¶ 6-7.) She alleges that this exposure to formaldehyde caused the decedent to "suffer bodily injury, including the onset of cancer, and/or caused or contributed to her development of cancer, a premature wrongful death, and other injuries and damages." (*Id.* ¶ 58.) She seeks compensatory and consequential damages, equitable and injunctive relief, punitive damages, and costs and reasonable attorney's fees and other relief as appropriate. (*Id.* ¶ 32.) Without conceding any merit to Plaintiff's allegations of liability for her purported damages, a fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000.

10.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014). No submission of evidence accompanying the removal notice is required. *Id.*

3

11.    According the Fourth Circuit, a "defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 2d 932, 935 (S.D. W.Va. 1996); *see also Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 414 (S.D.W. Va. 2005) (explaining that the defendant's standard of proof is "preponderance of the evidence" and holding that it was "more likely than not" that the relief sought by plaintiff was in excess of $75,000).

12.    Moreover, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (citing *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)); *Patton v. Fifth Third Bank*, 2006 WL 771924, * (S.D. W.Va. 2006) (stating that the "amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal" and that in calculating the amount, "the court may consider the 'entire record before it and make an independent evaluation' of whether the amount in controversy is satisfied.").

13.    While Plaintiff has not specified a dollar figure in her Complaint, it is evident that her alleged damages more likely than not exceed $75,000. Plaintiff has alleged that the decedent suffered serious and substantial personal injuries, which ultimately led to her death, as a result of exposure to formaldehyde that Plaintiff claims was contained within the flooring she purchased from Lumber Liquidators. (Exhibit A, Pl.'s Compl. ¶¶ 9, 58-59.)

4

14.    As a result of these injuries, Plaintiff seeks to recover medical and

pharmaceutical expenses (*i.e.* expenses associated with hospital and related expense for

treatment and care of her medical conditions and injuries), funeral and burial expenses, loss of

income, loss of ability to enjoy life, loss of society, loss of companionship, and damages for pain

and suffering. (*Id.* ¶ 62.) These are exactly the kind of injuries and damages that courts have

deemed "more likely than not" to exceed the jurisdictional limit. *See e.g., Evans v. CDX Services*

*LLC*, 528 F. Supp. 2d 599 (S.D. W.Va. 2007) (finding that amount in controversy requirement

was satisfied, even though no specific monetary award was demanded, because plaintiff's claims

for "serious bodily injury," "tremendous pain and suffering," "loss of earning capacity," and

"loss of ability to enjoy life" supported the defendant's argument that the damages described in

the complaint exceeded $75,000 ); *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 679 (E.D.

Va. 2004) (explaining that a court "may properly consider the allegations of the state complaint

regarding the severity of the plaintiff's injuries in determining whether the amount in controversy

exceeds $75,000").

15.    Plaintiff also alleges that Lumber Liquidators conducted itself in "bad faith," and

that she is entitled to recovery of punitive damages, (*id.* ¶¶ 32 and "WHEREFORE" paragraph),

which the court must consider when determining the amount in controversy. *See Am. Health &*

*Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D. S.C. 2003) (finding that punitive

damages "must be included in the underlying calculation of the amount in controversy"); *R.L.*

*Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 Fed. Appx. 141, 145 n.3 (4th Cir.

2001) ("When calculating the amount in controversy, the district court should consider any

special or punitive damages, such as treble damages"); *Bell v. Preferred Life Assurance Soc'y*,

320 U.S. 238, 240 (1943) (holding that punitive damages must be considered in determining the

amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages).

16.     As a result of the foregoing, Lumber Liquidators has a good faith basis for believing the amount in controversy exceeds $75,000, that the requirement of 28 U.S.C. § 1332(a) is met, and that removal is proper.

17.     Indeed, Lumber Liquidators is compelled to remove this case based on the allegations of the Complaint because to fail to do so now would lead to an untimely removal later, after discovery commences. *See Lovern v. General Motors Corporation*, 121 F.3d 160 (4th Cir. 1997) (noting that the "30-day clock" begins to run when it is apparent from "the four corners" of the pleading that the plaintiff is seeking damages in excess of the minimal jurisdictional amount). Because it is evident from the allegations in Plaintiff's complaint that the damages are far "more likely than not" to exceed $75,000, Lumber Liquidators is required to remove this case within 30 days of the complaint pursuant to 28 U.S.C. § 1446(b).

18.     In addition, courts may consider information outside the Complaint in determining the amount in controversy. *See Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460 (D. Md. 2013) (*quoting St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir.1998) ("[i]n removal practice, when a complaint does not allege a specific amount of damages ... [t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."); *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W.Va. 1994) (noting that the court may look to the entire record before it, including the removal petition, and ultimately holding that "common sense applied to the allegations of the Complaint compels the

Case 5:19-cv-00318-JPB    Document 5    Filed 12/05/19    Page 10 of 34  PageID #: 69
11/27/2019 2:23:23 PM              Taylor, Jaclyn          Channel-2        Page 11

Case 5:19-cv-00318-JPB   Document 1   Filed 11/27/19   Page 7 of 9   PageID #: 7

court to conclude that the amount in controversy exceeds [the jurisdictional amount]"); *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 679 (E.D. Va. 2004) (finding that, though the plaintiff pled less than $75,000 in the complaint, the amount in controversy was in excess of the jurisdictional limit based on the "totality of the circumstances," including plaintiff's allegations of "serious and permanent injuries").

20.    Because both requirements of diversity of citizenship and an amount in controversy exceeding $75,000 are present, this Court has jurisdiction under 28 U.S.C. § 1332.

## ATTACHMENT OF STATE COURT PLEADINGS
## AND NOTICE TO STATE COURT

21.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court action are attached hereto as Exhibit A.

22.    In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Marshall County, West Virginia, and shall be served on counsel for Plaintiff, contemporaneously with the filing of this Notice of Removal (attached hereto as Exhibit B).

Case 5:19-cv-00318-JPB    Document 5    Filed 12/05/19    Page 11 of 34  PageID #: 70
11/27/2019 2:23:25 PM         Taylor, Jaclyn        Channel-2        Page 12

Case 5:19-cv-00318-JPB   Document 1   Filed 11/27/19   Page 8 of 9 PageID #: 8

## CONCLUSION

WHEREFORE, Lumber Liquidators hereby removes this case from the Circuit Court of

Marshall County, State of West Virginia, to the United States District Court for the Northern

District of West Virginia, Wheeling Division.


This 30th day of November, 2019.


Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, L.C.


BY:    /s/ Melvin F. O'Brien
        Melvin F. O'Brien (WV #6797)
        BreiAnne Varner Redd, Esq. (WV #10894)
        2001 Main Street, Suite 501
        Wheeling, WV  26003
        Phone: 304-233-1022/Fax: 888-811-7144
        E-mail:    Mobrien@dmclaw.com
                   bredd@dmclaw.com

Counsel for Defendant, Lumber Liquidators, Inc.


7

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

| | | |
|---|---|---|
| ERIN LYNN FRAUNFELTER<br>as Administratrix of the<br>Estate of Sheila Lynn Morgan,<br>deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) CIVIL ACTION NO. | 5:19-CV-318 (Bailey) |
| LUMBER LIQUIDATORS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I, BreiAnne Varner Redd, Esquire, hereby certify that a true and correct copy of the foregoing *Notice of Removal Pursuant to U.S.C. §1446(a) and (b)*, has been served this 30th day of November, 2019, by facsimile and U.S. first-class mail, postage prepaid, to the following:

Jacob M. Robinson, Esq.
1140 Main St. Fl 3
Wheeling, West Virginia 30620
*Counsel for Plaintiff*

BY:   */s/ Melvin F. O'Brien*
Melvin F. O'Brien (WV #6797)
BreiAnne Varner Redd, Esq. (WV #10894)
2001 Main Street, Suite 501
Wheeling, WV 26003
Phone: 304-233-1022/Fax: 888-811-7144
E-mail:   Mobrien@dmclaw.com
bredd@dmclaw.com

*Counsel for Defendant, Lumber Liquidators, Inc.*

9

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, L.C.

BY: _____
    Melvin F. O'Brien, Esq. (WV #6797)
    Bret Anne Varner Redd, Esq. (WV #10894)
    2001 Main Street, Suite 501
    Wheeling, WV  26003
    Phone: 304-233-1022/Fax: 888-811-7144
    E-mail:  mobrien@dmclaw.com
             bredd@dmclaw.com

*Counsel for Defendant, Lumber Liquidators, Inc.*

2

# IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

FRAUNFELTER, ERIN,

       Plaintiff,

vs.                    //////        CIVIL ACTION NO. 19-C-160

LUMBER LIQUIDATORS, INC.,       JUDGE: JEFFREY D. CRAMER

       Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that service of the foregoing *Notice of Filing Removal of Action* to the United States District Court for the Northern District of West Virginia was had upon all parties herein by forwarding a true and correct copy thereof by facsimile and United States Mail, postage prepaid, on this _22th_ day of November 2019, to its counsel of record:

                 Jacob M. Robinson, Esq.
                 1140 Main St. Fl 3
              Wheeling, West Virginia 30620
                 *Counsel for Plaintiff*

DICKIE, McCAMEY & CHILCOTE, L.C.

BY: _____
Melvin F. O'Brien, Esq. (WV #6797)
BreiAnne Varner Redd, Esq. (WV #10894)
2001 Main Street, Suite 501
Wheeling, WV 26003
Phone: 304-233-1022/Fax: 888-811-7144
E-mail:  mobrien@dmclaw.com
         bredd@dmclaw.com

*Counsel for Defendant, Lumber Liquidators, Inc.*

4

# IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

ERIN LYNN FRAUNFELTER
as Administratrix of the
Estate of Sheila Lynn Morgan,
deceased,

           Plaintiff,

v.                                       Civil Action No. ___19-C-16̅0̅ (c)

LUMBER LIQUIDATORS, INC.,

           Defendant.

## COMPLAINT

1.     Erin Lynn Fraunfelter is a resident of the State of South Carolina with a residential address of 2082 Belford Grove Dr., Apt. 303, Aiken, South Carolina 29801-1036.

2. At all times relevant herein, Sheila Lynn Morgan, deceased, was a resident of Marshall County, West Virginia.

3.     Erin Lynn Fraunfelter brings this wrongful death case, pursuant to W.Va. Code § 23-4-2(d)(ii) in her capacity as Administratrix of the Estate of Sheila Lynn Morgan.

4.     Defendant Lumber Liquidators, Inc. Is incorporated in Delaware and maintains a principal place of business in Toano, Virginia.  Defendant supervises and controls the development, manufacturing, marketing, distribution and sales of laminate wood flooring products throughout at least 19 retail stores in West Virginia.  As such, Defendant has substantial contacts, receives benefits, and generates income from activities in the State of West Virginia.

5.     This Court has jurisdiction and venue is proper.

6.     Defendant Lumber Liquidators sells laminate wood flooring through the 19 stores it operates in West Virginia.  On March 1, 2015 CBS reported on its news show, *60*

*Minutes* that Lumber Liquidators' laminate wood flooring products manufactured in China and sold in West Virginia contained excessive amounts of formaldehyde, a substance known to cause cancer. According to CBS, the laminate wood flooding products manufactured in China and sold in West Virgina contained excessive amounts of formaldehyde, a substance known to cause cancer. According to CBS, the laminate wood floor emits formaldehyde gas at toxic levels that exceed strict state and federal standards for such emissions. The result is that West Virginia consumers, like Plaintiffs, have purchased unsafe laminate flooring, and Lumber Liquidators continue to sell unsafe flooring to West Virginia consumers.

7.      Persons who are exposed to formaldehyde suffer an increased risk of nasal cancer, The International Agency for Research on Cancer (IARC) and the National Institute for Environmental Health Sciences classify formaldeyde as a human carcinogen. Short-term health effects from formaldehyde exposure include burning sensations in the eyes, nose and throat; coughing; wheezing; nausea; and skin irritation.

8.      Denny Larson, executive director of the nonprofit organization, Global Community Monitor, tested numerous samples of Lumber Liquidators Chinese-made laminate flooring and stated, "[t]he average level in Lumber Liquidators products that we found was over six to seven times above the state standard for formaldehyde. And we found some that were close to 20 times above the level that's allowed to be sold." Mr. Larson advocated that customers rip up and replace affected floors, even if doing so will put a strain on their finances. "If I had to borrow money to do it, that's what I'd do," he said. I wouldn't expose my family to it." Larson further added, "We want them to remove every single board at their cost," Larson said. "It was sold to people on a false claim that it was compliant."

9.      Plaintiff purchased Chinese-manufactured laminate flooring from Lumber

Liquidators' retail stores in West Virginia. After learning of the *60 Minutes* story, Plaintiffs

contacted Lumber Liquidators to repudiate the sale and return the laminate flooring to the store.

At the time of this filing, Plaintiffs have not been reimbursed for their purchase of flooring,

materials and installation or the costs of replacing the flooring or for the harm caused by the

flooring.

  10. On July 7, 2010, President Obama signed the Formaldehyde Standards for

Composite Wood Products Act into law (the "FSCWP Act"), establishes limits for formaldehyde

emissions from composite wood products: hardwood plywood, medium-density fiberboard, and

particleboard. The national emission standards in the FSCWP Act mirror standards previously

established by the California Air Resources Board ("CARB").

  11. On its website and in marketing materials, Lumber Liquidators sates that all

the laminate wood flooring it sells complies with California emission standards, CARB, even for

sales outside of California:

> Our commitment begins with meeting the most stringent environmental and
> quality standards. These standards ensure that our product are safe, meet all
> government requirements and are approved by government-approved third party
> validators. This commitment to quality and safety extends to everywhere we do
> business. We require that all of our suppliers comply with California's advanced
> environmental requirements, even for products sold outside California. .... Our
> commitment to the health and safety of our customers includes meeting or
> exceeding industry standards on formaldehyde emissions though compliance with
> applicable regulations such as those established by the California Air Resources
> Board (CARB).

  12. Further, Lumber Liquidators' Purchase Order Terms and Conditions,

available on their website, provides the following warranties, which applies to all products:

> SELLER'S WARRANTIES: Seller expressly warrants that all goods covered by
> this Purchase Order will: (a) strictly conform to Seller's specifications, drawings,
> samples and other written materials and descriptions (b) be free from defects in
> design, material and workmanship; © be of merchantable quality and suitable for

the particular purpose intended, whether express or reasonably implied; and (d) bear all warnings, labels, and markings required by applicable laws and regulations. In addition, Seller warrants that: (e) none of the goods covered hereby, to the extent they are subject ot laws prohibiting adulteration or misbranding within the meaning of such laws as of hte date of delivery to Lumber Liquidators; (f) all goods covered hereby may be introduced into the stream of commerce without violation of applicable laws and regulations; and (g) all goods, furnished or suppled pursuant ot this Purchase Order have been sourced, produced, sold, delivered, declared, packaged, labeled, manufactured, and/or rendered to Lumber Liquidators in compliance with all applicable laws, codes and regulations.

13.     On March 1, 2015, CBS's news program 60 Minutes reported that its investigators tested 31 of Lumber Liquidators' Chinese-made laminate wood samples, and found that 30 – all but one – failed to meet the safety standards for formaldehyde se by CARB.

14.     Formaldehyde is a colorless and flammable. Both Europe's IARC and the U.S. National Toxicology Program classify formaldehyde as a human carcinogen. The naturally-occurring substance is used and concentrated in industries including the manufacture of pressed woods, glue and preservatives. Formaldehyde can leak out from office and home products in gaseous form and be inhaled.

15.     "Most environmental causes of cancer are of sufficiently low risk that we don't notice them in our daily lives," siad Bernard Goldstein, a physician, toxicologist and former dean of the University of Pittsburgh Graduate School of Public Health in a Forbes article published on March 2, 2015. Dr. Goldstein wrote to Forbes by email, "For flooring I'd be more concerned about acute health effects, particularly for infants crawling over the floor," Goldstein explained that childern breathe in more air relative to their small body sizes than do adults. "When they work hard, as they do when they crawl or run, they will have maximal respiratory uptake of anything gassing off the floor. Pets too, he added.

16.     The *60 Minutes* feature included Dr. Philip Landrigan, a physician at Mt. Sinai

Hospital who specializes in environmental pediatrics.  In discussing the concentration of
formaldehyde that comes off the laminated floor in a typical home, Dr. Landrigan said: "It's not a
safe level.  It's a level that the U.S. EPA calls polluted indoor conditions."  On the program,
Landrigan said that long-term exposure to formaldehyde increases the risk for chronic respiratory
irritation, reduced lung function and asthma.  He also explained that children are most likely to
be affected.

17.    On March 4, 2015, U.S. Senator Bill Nelson requested that three federal
agencies investigate Lumber Liquidators.  That same day, Senator Nelson sent a letter to the
Consumer Product Safety Commission, the Center for Disease Control Prevention, and the
Federal Trade Commission and called for independent testing of the laminate flooring to see if it
potentially poses a health risk to the public.  "Because this could affect millions of homeowners
it is imperative we get some answers quickly." Nelson said.

18.    Lumber Liquidators continued to sell and misrepresent the quality of its
Chinese manufactured flooring products as CARB compliant when it knew that this was false.
Lumber Liquidators failed to properly investigate and inform customers regarding the
formaldehyde emissions problems associated with its products.

19.    Contrary to Lumber Liquidators promises, the Chinese-made laminate wood
flooring it sold contained high amounts of formaldehyde.

20.    Had Defendant adequately and fairly represented its products, Plaintiff and
the decedent would not have purchased the defective product and would not have suffered the
damages and wrongful death described herein.

21.    Lumber Liquidators' violations of law and systemic warranty breaches have
caused and will continue to cause substantial harm and loss to the Plaintiff and were a direct and

proximate cause of the wrongful death of Sheila Morgan.

22.     The Plaintiff has been damaged by the Defendant's dangerous and
deceptive Chinese made laminate wood flooring products.  The Plaintiff is entitled to damages as
hereinafter set forth.

23.     The decedent, Sheila Morgan is an end user and consumer of the
Defendant's product and intended beneficiary of said product.

24.     Through false advertising, omissions, concealment and deception,
Defendant has engaged in repeated and numerous violations of West Virginia Code § 46A-6-104
as defined by § 46A-6-102(7)(G), (I), (J), (L), and (M).

25.     Defendant is engaged in consumer-oriented conduct within the intended
ambit of § 46A-6-104.

26.     Defendant's actions and/or omissions as described herein violated §
46A-6-104 et seq., which were enacted to protect the consuming public from those who engage
in unconscionable, deceptive or unfair acts or practices in the conduct of any business, trade or
commerce.

27.     Defendant engaged in unlawful deceptive business acts and practices by
selling and/or distributing laminate wood flooring products in West Virginia that exceeded the
CARB limit for formaldehyde emissions from composite wood products.

28.     Defendant has engaged in unlawful deceptive business acts and practices
by advertising to West Virginia consumers through its website, promotional materials and with
labeling on its laminate wood flooring products that misrepresent that such products are CARB
compliant when in fact they are not.  Defendant has also engaged in unlawful and deceptive
business acts by falsely representing that the laminate wood flooring products it distributes and

sells in West Virginia have been certified by independent entities as compliant with CARB formaldehyde standards.

29.     Defendants continue to engage in unlawful deceptive business practices by failing to inform West Virginia consumers that the laminate wood flooring products it distributes and sells in West Virginia emit formaldehyde gas at levels that exceed the formaldehyde emission limits set forth in CARB.

30.     Defendant continues to engage in unlawful deceptive business practices by expressly warranting on every package of laminate wood flooring products that it distributes and sells in West Virginia, as well as advertising on its website, that such products comply with CARB.

31.     As a direct and proximate result of Defendant's unlawful deceptive business practices, Plaintiff has suffered injury, damage and loss as set forth herein below.

32.     As such, the Plaintiff is entitled to compensatory damages and consequential damages, equitable and injunctive relief, punitive damages, costs and reasonable attorneys' fees and other relief as appropriate.

33.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, see 15 U.S.C. § 2301(1). Sheila Morgan and Plaintiff are consumers of Defendants products within the meaning of the Magnuson-Moss Warranty Act, see 15 U.S.C. § 2301(3).

34.     Defendant's express warranties and written affirmations of fact regarding the quality and nature of its laminate wood flooring products, including that such products complied with CARB, constitute written warrranties within the meaning of the Magnuson-Moss Warranty Act, see 15 U.S.C. § 2301(3).

35.    Defendant breached these warranties by selling and/or distributing laminate wood flooring products in West Virginia that exceed the CARB limit for formaldehyde emissions from composite wood products.

36.    Defendant's breaches of its express warranties caused damage, harm and loss to the Plaintiff as described herein below.

37.    Defendant has failed to cure its breach.

38.    As such, the Plaintiff is entitled to compensatory damages and consequential damages, equitable and injunctive relief, punitive damages, costs and reasonable attorneys' fees and other relief as appropriate.

39.    Defendant made express warranties and written affirmations of fact regarding the quality and nature of its laminate wood flooring products, including that such products complied with CARB.

40.    Defendant made express warranties and written affirmations of fact regarding the quality and nature of its laminate wood flooring products, including that such products were free of defects.

41.    Defendant made express warranties and written affirmations of fact by expressly warranting on every package of laminate flooring products that it distributes and sells in West Virginia, as well as advertising on its website, that such products comply with CARB.

42.    Defendant breached these warranties by selling and/or distributing laminate wood flooring products in West Virginia that exceed the CARB limit for formaldehyde emissions from composite wood products.

43.    Plaintiff notified Defendant of its breach of written warranties and Defendant has failed to adequately cure its breaches.

44.    As a direct and proximate result of Lumber Liquidators' breaches of its written warranties, Plaintiff sustained damages.

45.    As such, the Plaintiff is entitled to compensatory damages and consequential damages, equitable and injunctive relief, punitive damages, costs and reasonable attorneys' fees and other relief as appropriate.

46.    Defendant's sale of laminate wood flooring products to Plaintiff was subject to an implied warranty that the products was reasonably fit for the purpose for which such product was used.

47.    Defendant's sale of laminate wood flooring products to Plaintiff was subject to an implied warranty that the product was acceptable in trade for the product description.

48.    When Defendant sold laminate wood flooring products were merchantable because such products were legal and could lawfully be possessed.

49.    Plaintiff did not knowingly purchase a product that was illegal to own or possess.

50.    Plaintiff did not knowingly purchase a product that was unfit for ordinary purposes for which it was intended.

51.    Defendant sold laminate wood flooring products in West Virginia that are unfit for the ordinary purposes for which they are intended.

52.    Defendant breached implied warranty of merchantability by selling and/or distributing laminate wood flooring product in West Virginia that exceed the CARB limit for formaldehyde emissions form composite wood products.

53.    Plaintiff notified Defendant of its breach of implied warranties and Defendant has failed to adequately cure its breaches.

54.    As a direct and proximate result of the defect concealed by Defendant in selling and/or distributing laminate wood flooring products in West Virginia, plaintiff incurred substantial damage, harm and loss.

55.    As such, the Plaintiff is entitled to compensatory damages and consequential damages, equitable and injunctive relief, punitive damages, costs and reasonable attorneys' fees and other relief as appropriate.

56.    At all times relevant herein, Defendant negligently and carelessly failed to exercise ordinary care to protect the public, more specifically the Plaintiff from know and reasonably anticipated injury and damages which may be inflicted upon the Plaintiff by the acts and conduct of the Defendant described hereinabove.

57.    At all times relevant herein, Defendant knew or reasonably should have known that it's conduct had a high probability of causing serious bodily or death to the Plaintiff and other persons similarly situated.

58.    The negligent, careless and reckless acts of the Defendant exposed the Sheila Lynn Morgan to toxic Chinese made laminate wood flooring and exposed Sheila Lynn Morgan to cancer causing formaldehyde and/or other toxic chemicals thereby causing the Sheila Lynn Morgan to suffer bodily injury, including the onset of cancer and/or caused or contributed to her development of cancer, a premature wrongful death, and other injuries and damages as are hereinafter set forth.

59.    As a direct and proximate result of the carelessness, negligence, and violations of the law by the Defendant, Sheila Lynn Morgan was fatally injured and the plaintiff sustained the injuries and damages as are hereinafter set forth.

60.    The acts of Defendant, Lumber Liquidators, Inc., as described herein were done

with gross negligence and/or reckless negligence and/or wanton negligence and/or with criminal indifference to the civil rights and obligations affecting the Plaintiff and/or all other reasons of law and public policy for an award of punitive or exemplary damages and Sheila Lynn Morgan was wrongfully fatally injured and the plaintiff sustained the injuries and damages as are hereinafter set forth as a direct and proximate result of the defendants aforesaid conduct which caused the plaintiff to suffer all of the injuries and damages hereinafter set forth for which the Defendant should be required to respond in punitive damages.

61.    As a direct and proximate result of each act alleged herein, Sheila Lynn Morgan, deceased, was wrongfully caused to die on or about July 12, 2017.

62.    As a direct and proximate result of each act alleged in this Complaint, the Erin Lynn Fraunfelter, as Administratrix of the Estate of Sheila Lynn Morgan and the Estate of Sheila Lynn Morgan, has been damaged and injured as follows:

(a) Sheila Lynn Morgan, deceased, was caused to sustain fatal bodily injures by toxic exposure as described herein above ; and Sheila Lynn Morgan, deceased, before her wrongful death was caused to suffer great physical pain and suffering and mental anguish and emotional pain, all of which were permanent and lasting in nature until her wrongful death.

(b) The Estate of Sheila Lynn Morgan, deceased, has been caused to incur divers and sundry expenses for medical care, hospital and related expenses to date in an amount as yet undetermined for Sheila Lynn Morgan, deceased, before her wrongful death for the treatment and care of her medical conditions and injuries until her wrongful death;

(c) Sheila Lynn Morgan, deceased, before her wrongful death suffered a diminution in her ability and capacity to care for herself and enjoy a normal life, was prevented from carrying out the duties and responsibilities of her life, was prevented from leading her life socially and

recreationally, suffered physical pain and suffering, suffered mental anguish and emotional pain, Sheila Lynn Morgan, deceased's fatal injuries affected her ability to enjoy the ordinary functions of life, together with capability to function as a whole person, all of which continued up until her wrongful death; and other losses and damages until her wrongful death;

(d) The Estate of Sheila Lynn Morgan, deceased, was caused to suffer medical and pharmaceutical expenses, funeral and burial expenses and other damages and losses; and

(e) The Estate of Sheila Lynn Morgan, deceased, on behalf of heirs and descendants of the deceased, Sheila Lynn Morgan, was caused to sustain sorrow, mental anguish, solace, loss of society, loss of companionship, loss of comfort, loss of guidance, loss of kindly offices and advice of Sheila Lynn Morgan, deceased; and loss of services, protection, loss of income, care and assistance from Sheila Lynn Morgan, deceased; and other damages and losses.

**WHEREFORE**, Plaintiff Erin Lynn Fraunfelter, Administratrix of the Estate of Sheila Lynn Morgan, deceased, demands judgment against the Defendant, Lumber Liquidators, Inc., in an amount in excess of the minimum jurisdictional limits as compensatory damages, and together with punitive damages against the defendant in an amount in excess of the minimum jurisdictional limits of this Court that will punish Defendant, and deter the Defendant, and similarly situated entities from committing this type of conduct in the State of West Virginia in the future, and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages.  Plaintiffs further pray for an award of attorney fees, costs, pre and post judgment interest, and for such other relief as the Court or jury deems just. The amount in controversy satisfies the minimum jurisdictional amount established for filing this action.

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Erin Lynn Fraunfelter, Administratrix of the
Estate of Sheila Lynn Morgan, deceased.


By: _____
Plaintiffs' Counsel

Jacob M. Robinson, Esq. (W.Va. Bar No. 3133)
**ROBINSON LAW OFFICES**
1140 Main St Fl 3
Wheeling, WV 26003-2704
telephone:      (304) 233 - 5200
fax:            (304) 233 - 2089
email:          rlegal@swave.net

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

CIVIL CASE INFORMATION STATEMENT

(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. _19-C-160_  (C)

Plaintiff(s)

Judge: _____

Erin Lynn Fraunfelter as Administratrix of the
Estate of Sheila Lynn Morgan, deceased
2082 Belford Grove Dr Apt 303
Aiken, SC 29801-1036

vs.

Defendant(s):          Days to Answer    Type of Service

Lumber Liquidators, Inc          N/A          Hold Service
3000 John Deere Road
Toano, VA 23168

**II. TYPE OF CASE:**

■ General Civil
☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]*
    ☐ Asbestos
    ☐ FELA Asbestos
    ☐ Other:_____
☐ Habeas Corpus/Other Extraordinary Writ
☐ Other:_____

☐ Adoption
☐ Administrative Agency Appeal
☐ Civil Appeal from Magistrate Court
☐ Miscellaneous Civil Petition
☐ Mental Hygiene
☐ Guardianship
☐ Medical Malpractice

**III. JURY DEMAND:** ■ Yes ☐ No CASE WILL BE READY FOR TRIAL BY (Month/Year):
02/2021

| **IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?** ☐ Yes ■ No | **IF YES, PLEASE SPECIFY:** ☐ Wheelchair accessible hearing room and other facilities ☐ Reader or other auxiliary aid for the visually impaired ☐ Interpreter or other auxiliary aid for the deaf and hard of hearing ☐ Spokesperson or other auxiliary aid for the speech impaired ☐ Foreign language interpreter - specify language _____ ☐ Other:_____ |
|---|---|

Attorney Name: Jacob M. Robinson (WV Bar No 3133)
Firm:    ROBINSON LAW OFFICES
Address:    1140 Main St Fl 3, Wheeling, WV 26003
Telephone:    (304) 233 - 5200
☐ Proceeding Without an Attorney

Representing:
■ Plaintiff    ☐ Defendant
☐ Cross-Defendant    ☐ Cross-Complainant
☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant

Original and _0_ copies of complaint enclosed/attached.

Dated: July 12, 2019          Signature: _Jacob M. Robinson_

**Plaintiff: Erin Lynn Fraunfelter as Administratrix**    Case Number: _____
**of the Estate of Sheila Lynn Morgan, deceased**
**vs.**
**Defendant: Lumber Liquidators, Inc**

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

_____    Days to Answer: _____
Defendant's Name
_____    Type of Service: _____
Street Address
_____
City, State, Zip Code

_____    Days to Answer: _____
Defendant's Name
_____    Type of Service: _____
Street Address
_____
City, State, Zip Code

_____    Days to Answer: _____
Defendant's Name
_____    Type of Service: _____
Street Address
_____
City, State, Zip Code

_____    Days to Answer: _____
Defendant's Name
_____    Type of Service: _____
Street Address
_____
City, State, Zip Code

_____    Days to Answer: _____
Defendant's Name
_____    Type of Service: _____
Street Address
_____
City, State, Zip Code

_____    Days to Answer: _____
Defendant's Name
_____    Type of Service: _____
Street Address
_____
City, State, Zip Code

## SUMMONS

CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

ERIN LYNN FRAUNFELTER, ESTATE OF SHEILA
            PLAINTIFF,

VS.                  CIVIL ACTION NO.  19-C-160
                      JUDGE:  JEFFREY D. CRAMER

LUMBER LIQUIDATORS, INC.
            DEFENDANT.

**To the above named Defendant:**

       IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon JACOB M. ROBINSON, plaintiff's attorney, whose address is

1140 MAIN STREET, FLOOR 3, WHEELING, WV, 26003 an answer including any related

counterclaim you may have to the complaint filed against you in the above civil action, a true

copy of which is herewith delivered to you.  You are required to serve your answer within

30  days after service of this summons upon you, exclusive of the day of service.  If you fail

to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any claim you

may have which must be asserted by counterclaim in the above style civil action.

                                            Joseph Rucki
                                      CLERK OF COURT

Dated: October 21, 2019

                   BY:        *Shelly McLaughlin*

                           DEPUTY CLERK

*Please Serve:*
*LUMBER LIQUIDATORS, INC.*
*C/O CORPORATION SERVICE COMPANY*
*209 WEST WASHINGTON STREET*
*CHARLESTON, WV 25302*

### IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA
## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 19-C-160

**Plaintiff(s)**

Judge: Jeffrey D. Cramer

Erin Lynn Fraunfelter as Administratrix of the
Estate of Sheila Lynn Morgan, deceased
2082 Belford Grove Dr Apt 303
Aiken, SC 29801-1036

**vs.**

**Defendant(s):**

| | **Days to Answer** | **Type of Service** |
|---|---|---|
| Lumber Liquidators, Inc | 30 | Secretary of State |

c/o Corporation Service Company
 209 West Washington Street
Charleston, WV 25302

**II. TYPE OF CASE:**

- ☒ General Civil
- ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - ☐ Asbestos
  - ☐ FELA Asbestos
  - ☐ Other:_____
- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other:_____

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

**III. JURY DEMAND:** ☒ Yes ☐ No CASE WILL BE READY FOR TRIAL BY (Month/Year): 02/2021

| **IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?** ☐ Yes ☒ No | **IF YES, PLEASE SPECIFY:** ☐ Wheelchair accessible hearing room and other facilities ☐ Reader or other auxiliary aid for the visually impaired ☐ Interpreter or other auxiliary aid for the deaf and hard of hearing ☐ Spokesperson or other auxiliary aid for the speech impaired ☐ Foreign language interpreter - specify language _____ ☐ Other:_____ |
|---|---|

Attorney Name: Jacob M. Robinson (WV Bar No 3133)
Firm:         ROBINSON LAW OFFICES
Address:      1140 Main St Fl 3, Wheeling, WV 26003
Telephone:    (304) 233 - 5200
☐ **Proceeding Without an Attorney**

Representing:
☒ Plaintiff      ☐ Defendant
☐ Cross-Defendant ☐ Cross-Complainant
☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant

Original and 3  copies of complaint enclosed/attached.

Dated: October 18, 2019          Signature: *Jacob R Robinson*

Plaintiff: Erin Lynn Fraunfelter as Administratrix    Case Number: 19-C-160
of the Estate of Sheila Lynn Morgan, deceased
vs.
Defendant: Lumber Liquidators, Inc

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Defendant's Name _____    Days to Answer: _____

Street Address _____    Type of Service: _____

City, State, Zip Code _____

---

Defendant's Name _____    Days to Answer: _____

Street Address _____    Type of Service: _____

City, State, Zip Code _____

---

Defendant's Name _____    Days to Answer: _____

Street Address _____    Type of Service: _____

City, State, Zip Code _____

---

Defendant's Name _____    Days to Answer: _____

Street Address _____    Type of Service: _____

City, State, Zip Code _____

---

Defendant's Name _____    Days to Answer: _____

Street Address _____    Type of Service: _____

City, State, Zip Code _____

---

Defendant's Name _____    Days to Answer: _____

Street Address _____    Type of Service: _____

City, State, Zip Code _____

Jacob M. Robinson†
David P. Robinson†
Brent E. Robinson†

# ROBINSON LAW OFFICES

Telephone: (304) 233-5200
Facsimile: (304) 233-2089

*Attorneys At Law*
Robinson Professional Center
1140 Main Street, Third Floor
Wheeling, WV 26003•2742

† Licensed in WV

October 18, 2019

The Honorable Joe Rucki, Clerk
Marshall County Circuit Court
Marshall County Courthouse
600 7th St Rm 127
Moundsville, WV 26041-2192

RE:   Erin Lynn Fraunfelter as Administratrix of the Estate of Sheila Lynn
      Morgan, deceased vs. Lumber Liquidators, Inc
      Marshall County Civil Action No. 19-C-160

Dear Mr. Rucki:

I have enclosed three copies of the Plaintiff's Complaint to be served pursuant to the enclosed Civil Case Information Statement.  A check for Twenty-Five Dollars ($25.00) for the cost of serving the Complaint is enclosed.  Please serve Defendant Lumber Liquidators, Inc through the West Virginia Secretary of State at the address listed on the enclosed Civil Case Information Statement.

Also, enclosed is the original and two copies of the Civil Case Information Statement.  Please return to this office a time stamped copy of the Civil Case Information Statement in the enclosed self-addressed, stamped envelope.  Please call if you have any questions.

Thank you for your kind assistance.

Very truly yours,
ROBINSON LAW OFFICES

Jacob M. Robinson

JMR:dpr
enclosures